McCann, J.
For the plaintiff, Douglas L. Fox, Esq. For the defendant, Roman Catholic Bishop of Worcester, Joseph A. Seckler, Esq. and David C. Caristi, Esq. For the defendant Amaron Family Fun Fare, Inc., Daniel P. Gibson, Esq.
FACTUAL BACKGROUND
The defendant, the Roman Catholic Bishop of Worcester (Bishop) ran its annual church festival in August of 1998. The plaintiff, Janet Bernier (Bernier), attended the festival and slipped and fell in the parking lot during the festival. She was injured and brought suit against Bishop. Bishop has filed a Motion for Partial Summary Judgment pursuant to G.L.c. 231, §85K seeking to establish limited liability of $20,000 pursuant to that statute. Amaron Family Fun Fare, Inc. (Amaron) is represented by Daniel P. Gibson, Esq. La Festa Della Madonna di Loreto is an annual Italian Church Festival held at Our Lady of Loreto Church. The festival celebrates the church’s patroness Madonna di Loreto. It is a five-day event. It includes religious events, raffles, entertainment, nightly dancing, authentic homemade foods and pastries, a beer garden, a gaming hall, games, music and dancing and music by the Fabulous Kings Row, Rhode Island Pops Orchestra, Jackie Lee Williams, Windsong, Equinox, a brass marching band, and Presto the Clown.
As part of the festival, a religious shrine was built. Patrons of the shrine donated money which when collected was given to the poor and needy of the *263 Worcester area. The shrine activity is an ancient Italian custom. Participation is not required of those who choose not to participate.
In addition to the entertainment as previously outlined, the beginning of the festival consisted of a Novena on the first day, a mass on the third day, a recitation of the Rosary on the fifth day and a solemn mass and public procession on the last day.
Lottery tickets are sold and the church runs a raffle. Both religious and secular music are played throughout the festival. The net proceeds of the festival are contributed to a church building campaign.
The advertising promoting the Italian festival contains no religious imagery. It contains images of circus tents, pennants and balloons. The advertising makes no mention of any religious observances to take place before, during or after the festival. Neither the word “Catholic” nor “church” appear in any of the advertising. The festival is promoted as “the biggest & best in central New England.” The church bulletin is the only material that references the religious activities.
The music provided by Equinox Band, Tricia Eliot, Kings Row and Windsong were not religious music, but included modem themes, country western and oldies.
Whether or not to hold a festival is entirely discretionary with the pastor and parishioners. Certain ethnic traditions are more likely to hold festivals than others. Parishioners are not under a religious obligation to attend the festival nor does attendance fulfill a parishioner’s religious obligation.
The festival grossed $143,000 and had net revenues of approximately $50,000 which equates to approximately 12% of the yearly operating expenses of the parish.
Bernier was exiting a festival tent when she slipped and she fell. She was not engaged in any religious activities at the time of the incident.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. See Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. See Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. See id. at 17.
A party moving for summary judgment who does not bear the burden at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. See Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
There are material questions of fact on numerous issues: (1) whether the festival itself was a religious event; (2) whether the activities of the festival were primarily commercial; (3) whether the festival was a cultural event or part cultural and part religious; (4) whether the activities at the festival were in part or in whole dedicated to charitable purposes; (5) whether the revenue-generating activity of the festival was partially to accomplish directly the charitable purposes of the corporation or primarily commercial in character; and finally (6) whether the religious portion of the activities were merely incidental to the festival or an integral part of it.
Given all of these questions of material fact, they go to both the issues raised in the Motion for Summary Judgment as well as the Cross Motion for Summary Judgment.
For the reasons stated, the Motion for Summary Judgment and Cross Motion for Summary Judgment are both DENIED.
ORDER
The Motion of the Roman Catholic Bishop of Worcester’s Motion for Summaiy Judgment is DENIED. The Cross Motion of plaintiff, Janet Bernier, Motion for Summaiy Judgment is DENIED.
The Emergency Motion for Separate and Final Judgment Dismissing Amaron Family Fun Fare, Inc. is ALLOWED as it was stipulated to by the parties.